HOWARD REALTY COMPANY *vs.* ALBERT A. GALLOTTA, *Assessor of Taxes of the City of Providence.*

MAY 11, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the superior court in denying the petitioner's motion for leave to amend its petition for relief from an over-assessment of taxes which it had previously filed pursuant to G. L. 1956, §44-5-26. The writ was issued and in compliance therewith the pertinent records have been certified to this court.

As originally filed the petition alleged that petitioner, as a taxpayer of the city of Providence, had filed a statement of account required by G. L. 1956, §44-5-15, and that respondent had assessed its property in excess of its full fair cash value and in excess of the figures given in such statement. This petition was duly filed in the superior court

within the period of time prescribed by the statute. However, after that period had expired petitioner moved to amend its petition by making new allegations in paragraphs Sixth and Eighth thereof. The new paragraph Sixth averred that the disputed assessment as of December 31, 1958 was in excess of that for the preceding year on the same property, and the new paragraph Eighth averred that the assessment was illegal in part because the assessor had systematically and intentionally assessed all other taxpayers similarly situated at a percentage of less than 100 per cent of full fair cash value but had failed to accord petitioner equal treatment in like manner.

The trial justice denied petitioner's motion as to the new paragraph Eighth substantially on the ground that it raised a constitutional issue not presented by the original petition, and therefore that it was a new question which in his opinion should not be introduced and change the whole proceeding at this stage after the case had already taken a different form. He did not pass on the proposed new paragraph Sixth, but respondent has expressly agreed in his brief that the petition may be so amended. We are of the opinion that we should not review the action of the trial justice at this time by certiorari.

The granting or refusal of a motion to amend by the trial justice rests in his discretion and will not be reviewed by this court except for abuse. Ordinarily such review can only be obtained by certiorari because it was held in *Hebert* v. *Handy,* 28 R. I. 317, that an exception to such a ruling does not lie. However, the court thereafter entertained such an exception where it was included in a bill of exceptions with another valid exception in *D. W. Flint Motor Sales, Inc.* v. *Crofton,* 54 R. I. 160, *Plaine* v. *Samdperil,* 54 R. I. 214, and *Sheldon* v. *Westcott,* 67 R. I. 480. The precedent thus set by the court was followed in *Tillinghast* v. *Maggs,* 76 R. I. 401, where it was expressly held that in such circumstances

the rule enunciated in *Hebert* v. *Handy, supra,* does not apply.

In the case at bar petitioner was allowed an exception to the denial of its motion. If thereafter the case proceeded to a final determination adverse to it on the petition as filed, petitioner could except thereto and bring both exceptions here for review by its bill of exceptions. But petitioner argues that it should be allowed prior review by certiorari as was done in *Brickle* v. *Quinn,* 63 R. I. 120, and *Atlantic Mills* v. *Superior Court,* 32 R. I. 285.

Such cases are of no assistance to petitioner in the circumstances here. As we pointed out in *Tillinghast* v. *Maggs, supra,* in each of those cases there was no opportunity for review of the action of the trial justice on the motion to amend because, the motion having been granted, a bill of exceptions could have been brought "only after a final decision in a trial on the merits under the amended declaration, and not under the original declaration."

Here, the petitioner's motion was denied and hence the case can proceed to a final decision on the petition as originally filed. Thus there is no necessity for an immediate review by certiorari of the trial justice's denial of the petitioner's motion since the ordinary remedy by bill of exceptions will be available to it to have such action reviewed if the final decision on the merits is adverse. For this reason we are of the opinion that the writ was improvidently issued and therefore should be quashed.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified are ordered returned to the superior court with our decision endorsed thereon.

*Edwards & Angell, Gerald W. Harrington,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondent.